UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| Timothy Harding<br>811 N. Forest<br>Chanute, KS 66720<br><br>            Plaintiff,<br><br>v.<br><br>Mid America Credit Bureau, LLC<br>13201 West 95th Street<br>Lenexa, KS 66215<br><br>            Defendant. | Case No.  10-1382-CM-GLR<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 28, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment.

1

8. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at his place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at his place of employment.

9. During this communication, Plaintiff notified Defendant that Plaintiff had filed for bankruptcy and received a discharged of his debts.

10. Despite these notices, Defendant telephoned Plaintiff at Plaintiff's place of employment at least 1 more time thereafter.

11. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

12. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

13. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

14. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

21. Plaintiff demands a trial by jury in Wichita.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:  */s/ Jennifer Dodson*
Jennifer Dodson (Bar No. 78211)
1125 Grand, Suite 916
Kansas City, MO 64106
Tel:  866-339-1156
Fax: 1.312.822.1064
Email:  jpr@legalhelpers.com
*Attorney for Plaintiff*

3